Filed 5/25/21  P. v. Vo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059205 |
| v. | (Super. Ct. No. 98NF0842) |
| HUNG LE VO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Reversed and remanded with directions.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Arlene A. Sevidal, Deputy Attorneys General, for Plaintiff and Respondent.

\*     \*     \*

Defendant Hung Le Vo appeals from an order denying his petition for resentencing under Penal Code section 1170.95.[1] The court denied the petition on the ground that Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §4) (Senate Bill 1437), the legislation enacting section 1170.95, unconstitutionally amends two voter-approved initiatives. We disagree. The order is reversed, and the matter is remanded for further proceedings on the merits of defendant's petition.

## FACTS

In 2001, a jury convicted defendant of first degree murder (§ 187, subd. (a); count 1), conspiracy to commit robbery (§ 182(1); count 2), three counts of attempted second degree robbery (§§ 664, 211; counts 3-5), second degree burglary (§§ 459, 460; count 6), and assault with a deadly weapon (§ 245, subd. (a)(1); count 7). The jury also found true allegations that defendant was armed with a firearm in the commission of counts 1 through 5 and 7 (§ 12022, subd. (a)(1)). The court sentenced defendant to 50 years to life, plus six years for count 7 and a consecutive one-year sentence for the firearm enhancement on count 7. Another panel of this court affirmed the judgment in 2004. (*People v. Laem* (Feb. 24, 2004, G031167) [nonpub. opn.].)

In 2019, defendant filed a petition seeking resentencing pursuant to section 1170.95. The People opposed and argued Senate Bill 1437 was unconstitutional and defendant was ineligible for resentencing. The court appointed counsel for defendant who filed a reply brief arguing Senate Bill 1437 was constitutional. The court denied defendant's petition and found Senate Bill 1437 unconstitutionally amended 1978's Proposition 7 and 1990's Proposition 115. The court accordingly "decline[d] to give enforcement to this section, SB 1437" but did not rule on the merits of defendant's eligibility for resentencing. Defendant filed a motion for reconsideration, and the case was "closed" in January 2020.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

Defendant contends the court erred by denying his section 1170.95 petition on the ground that Senate Bill 1437 is unconstitutional. He argues Senate Bill 1437 is constitutional because it did not amend either Proposition 7 or Proposition 115. The People concede Senate Bill 1437 is constitutional. For the reasons below, we agree and remand for further proceedings on the merits of defendant's petition.

Since the trial court's ruling, Senate Bill 1437 has been upheld as constitutional by panels of this court (*People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Prado* (2020) 49 Cal.App.5th 480) and by our colleagues in Division One of this district (*People v. Superior Court* (*Gooden*) 42 Cal.App.5th 270; *People v. Lamoureax* (2019) 42 Cal.App.5th 241) and Division Two (*People v. Lippert* (2020) 53 Cal.App.5th 304; *People v. Johns* (2020) 50 Cal.App.5th 46).

Other Courts of Appeal have concurred. (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 561 [3d App. Dist.]; *People v. Murillo* (2020) 54 Cal.App.5th 160, 166, fn. 3 [2d App. Dist., Div. 1]; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [5th App. Dist]; *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 902 [3d App. Dist]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594 [2d App. Dist., Div. 2]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [6th App. Dist.]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91-92, review granted on other grounds, July 22, 2020, S262835 [2d App. Dist., Div. 5]; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306 [2d App. Dist., Div. 6].)

We see no reason to depart from these decisions and conclude Senate Bill 1437 is constitutional as it did not improperly amend Proposition 7 or Proposition 115. We accordingly reverse the court's order denying defendant's 1170.95 petition and remand the matter for the court to consider the petition on the merits.

3

**DISPOSITION**

The postjudgment order denying defendant's petition for resentencing is reversed, and the matter is remanded to the court for further proceedings on the merits of defendant's petition pursuant to section 1170.95.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

4